**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

HENRY ALEXANDER WILLIAMS,                                              PLAINTIFF
ADC # 19967-076


v.                                    2:10-cv-00122-JMM-JJV


JILL DUBE-GILLEY, Unit Manager
FCI - Forrest City                                                     DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.      PROCEDURAL HISTORY

Plaintiff filed a *pro se* Complaint (Doc. No. 2) on August 30, 2010, pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).[1]   The Complaint alleges that Bureau of Prisons (BOP) officials and medical personnel have ignored his requests for proper medical treatment of an abscess, a lung infection, and burns caused by x-rays.

Only claims against Defendant Jill Dube-Gilley, Forrest City Unit Manager, remain.  She now moves for dismissal, alleging Plaintiff has failed to exhaust his administrative remedies.  (Doc. No. 30.)  In the alternative, Defendant argues that Plaintiff has failed to state a claim upon which relief may be granted.  *Id.*

On June 21, 2011, the Court directed Plaintiff to respond to Defendant's Motion to Dismiss.

---

[1]"*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980).  The United States Court of Appeals for the Eighth Circuit has stated that "[t]his court has referred to a *Bivens* action as 'the federal law analogous to § 1983.'" *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995) (citations omitted).  "[A]n action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Id.* (citation omitted).

(Doc. No. 32).  Plaintiff has not responded.

## II.     FAILURE TO EXHAUST

Defendant offers the affidavit of Robert A. Clark, Jr., a Senior Attorney Advisor with BOP. (Doc. 31-1.)  Mr. Clark said he reviewed Plaintiff's administrative remedy records which show Plaintiff has filed eleven grievances since being incarcerated.  (Doc. No. 31 at 2, Doc. No. 31-1.) Of these eleven, only two of these grievances, 525127-R1 and 525202-F1, relate to medical care. *Id.*  Mr. Clark reported that both grievances were rejected by the BOP because Plaintiff failed to properly follow the grievance process.

## III.    ANALYSIS

The Prison Litigation Reform Act requires proper exhaustion which "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81 (2006).  In other words, proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."  *Id.* at 90 (other quotation and marks omitted).  The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy.  *Jones v. Bock*, *supra.*

The BOP provides a comprehensive administrative remedy procedure for federal inmates seeking to address grievances relating to their confinement. Under the Administrative Remedy Program, the inmate must first present his concern informally to an appropriate staff member, who must attempt to resolve the concern.  *See* 28 C.F.R. § 542.13(a).  If the issue cannot be resolved informally, within "20 calendar days following the date on which the basis for the Request occurred," the inmate must file an Administrative Remedy Request by submitting a BP-9 form to

3

the staff member designated by the BOP, generally the warden. *See* 28 C.F.R. §§ 542.14(a), (c)(4).

If dissatisfied with the warden's response, the inmate may appeal to the Regional Director by filing

a BP-10 form within 20 days of the date the warden signs the response. See 28 C.F.R. § 542.15(a).

If dissatisfied with the Regional Director's response, the inmate must file an appeal with the Office

of General Counsel by submitting a BP-11 form within 30 days of the Regional Director's response.

*Id.* An exception exists for appeal of disciplinary actions, which may be directly appealed to the

Regional Director – and appears to be the case in the instant action.

Based on Mr. Clark's affidavit, the Court finds that Plaintiff has failed to exhaust his

administrative remedies before filing his lawsuit. Plaintiff has offered nothing to contradict the

statements of Mr. Clark. So, dismissal without prejudice is appropriate and mandatory.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint (Doc. No. 2) should be DISMISSED without prejudice for

failure to exhaust administrative remedies.

DATED this <u>12th</u> day of October, 2011.

_____
JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE